THE REPUBLIC OF MEXICO, Respondent, *v.* JOHN H. OCKERSHAUSEN, Executor, etc., of GEORGE G. TAYLOR, Deceased, Appellant.

*Construction of an agreement for arbitration — right to recover the amount named in a bond as a penalty — 2 R. S. (Edm. ed.), 392, 393, secs. 5–11 — Code of Civil Procedure, secs. 1915, 3347, sub. 11.*

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This action was commenced by the Republic of Mexico, a sovereign State, to recover the amount of a certain joint and several bond or obligation made and delivered to the plaintiff by the American and Mexican Railroad and Telegraph Company, as principal, and by several sureties, of whom the defendant's testator George G. Taylor was one.

The court at General Term, after adopting the construction given by the trial court to the provisions of the contract and affirming the decision by it made, said: "Several other questions are raised and argued upon the appeal which do not appear to have been presented and considered in the court below.

"It is claimed by the counsel for the appellant that this court is

without jurisdiction of the subject-matter of the action, because article 27 of the decree of the Republic of Mexico, granting to the American and Mexican Railroad and Telegraph Company the privileges and powers conferred upon that corporation, provides for a tribunal which shall dispose of all questions as to the interpretation or execution of that decree or law.

" The article is in these words : ' Article 27. Any question as to the interpretation or execution of this law shall be decided by the Supreme Court of Justice in full court, composed of at least one-half and one more of the number of magistrates that is to constitute the same. The court shall take cognizance of the case as umpire in that relating to the substitution and as judge in regard to the decision, without the right to any ulterior appeal whatever.'

" But we are of the opinion that this provision has no relation whatever to an action of this character upon a collateral obligation given to secure the performance by the corporation of the conditions of the decree. It is intended only to include and cover questions or disputes between the parties to the decree that might arise in the progress of executing its provisions and involve the construction to be put upon its language. The questions as to the interpretation or execution of the law which article 27 provides shall be decided by the Supreme Court of Justice of Mexico were, it seems to us, very clearly those which might and were likely to arise solely between the Republic of Mexico and the corporation, touching the manner in which the work was required to be done and the obligations which performance under that decree would impose on that government. As to all such questions article 27 required them to be brought before the special tribunal designated therein, having the powers both of arbitrators for some purposes and of a court for other purposes. But we are unable to see any good reason for holding that that provision is sufficiently broad to compel the Republic of Mexico, in order to enforce the bond given by the corporation and non-resident sureties for the complete performance of its contract under the decree, to resort solely to the tribunal named in article 27. Such construction would virtually deprive that government of all power to enforce the bond against the principal or its sureties, because of its inability to get jurisdiction of the persons of the several defendants who were and are non-residents of Mexico.

" The bond for the performance by the corporation of its obligations under the decree is a distinct and independent contract for the breach of which an action may be brought in any court having jurisdiction of such a subject-matter and of the parties to the contract. No words of exclusion are found in article 27; and if they were they would be limited, as we think, to that sort of dispute which frequently arises in the progress of the performance of contracts for the construction of railroads or other similar works or improvements. Assuming, therefore, that the question of jurisdiction was properly raised at that stage of the case, we are, nevertheless, of opinion that it is of no force to prevent this court from entertaining the action and proceeding to judgment therein.

" It is insisted also as another point, which seems not to have been raised at the trial, that the plaintiffs are not entitled to recover upon the bond in suit for the full amount of its penalty, but only for such damages as they shall show themselves to have sustained by reason of the failure of the railroad company to perform its contract. The appellant relies upon the provisions of the Revised Statutes (2 Edm. ed., 392, 393, §§ 5, 6, 9, 10, 11), which in substance provide that in actions on bonds for the breach of any condition other than for the payment of money, the plaintiff shall assign the specific breaches for which the action was brought, and on the trial if the jury find that such breaches have occurred and that the plaintiff should recover damages therefor, they shall assess such damages and specify the amount in their verdict in addition to their finding upon any other question of fact submitted to them, and that the assessment of damages shall be entered upon the record and a judgment rendered for the penalty of the bond, and that the plaintiff have execution for the damages assessed, etc.

" These provisions would seem to be broad enough to cover the bond in question. But it is answered that they were repealed by chapter 245 of the Laws of 1880, by which the whole of the third part of the Revised Statutes was repealed except portions therein specified, and that the portions specified did not include any part of the provisions relating to recoveries upon bonds. This action appears to have been commenced in May, 1875, and the complaint assigned specific breeches for which the action is brought, thus complying with section 5 of the Revised Statutes above cited. It

was tried at the October term, 1884, before which time all the statutes above referred to had been repealed and section 1915 of the Code of Civil Procedure substituted.    But it is argued that that section did not apply to this case, as section 3347, subdivision 11, expressly provides that chapter 15, in which section 1915 occurs, shall apply only to actions commenced after the first day of September, 1880, the day on which chapter 15 of the Code of Civil Procedure went into effect.    The argument of the appellant's counsel therefore fails, inasmuch as the statute was not in force at the time of the trial, while section 1915, which had been substituted for the statute, was not applicable to this action.    The contention of the respondent's counsel seems to be correct in so far as it relates to the question whether the statute was in force at the time of the trial, and it would therefore follow that a recovery for the full amount of the penal sum under common law rules was correct.    It seems very clear that the bond in suit was not intended by the parties as mere security for such damages as the plaintiff should be able to show it had sustained by reason of the non-performance of the decree by the corporation.    It was not a mere indemnity to protect against that class of damages, imposing upon the plaintiff the obligation of proving them, but in effect an agreement by the railroad company and its sureties to pay to the Republic of Mexico the sum named as compensation in case the railroad company did not perform its obligations under the decree.    The requirement of the decree or law of Mexico was, in effect, that the railroad corporation should put up the sum of $200,000 to be paid over to that government in case the corporation did not proceed according to the decree to the performance and completion of the construction of the railroad, and when the corporation violated its contract in that respect, the Republic of Mexico was entitled under the decree to enforce the obligation of the bond to the full amount of the sum thereby forfeited.

"We have come to the conclusion, therefore, but not without hesitation, that the judgment recovered in this action must be affirmed."

*M. S. Thompson* and *B. F. Tracy*, for the appellant.

*W. A. Butler*, for the respondent.

Opinion by DAVIS, P. J.; BRADY and DANIELS, JJ., concurred.

Judgment affirmed.